IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DOMINION COVE POINT LNG, L.P.** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. RWT 06-2448 |
| | * |
| **2.1198 ACRES OF LAND MORE** | * |
| **OR LESS** | * |
| **IN CHARLES COUNTY, MARYLAND,** | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION**

The defendant has filed a motion to dismiss under Rules 12(b)(3) (forum non conveniens) and 12(b)(5) (insufficient service) of the Federal Rules of Civil Procedure. The Court holds that this motion cannot be granted for the foregoing reasons and denies the motion by separate order.

1. Forum Non Conveniens

The defendant is an 87 year-old woman in poor health who owns the Charles County land in dispute in this case. She moves this Court to dismiss or transfer the case to the Circuit Court of Maryland for Charles County because the property and witnesses are located there, and because she "unable to travel more than short distances." The defendant has not provided the Court with any specific information about medical conditions that might create immobility, but rather implies that the defendant cannot travel as a result of her elderly status. She argues that given these reasons, the Court should transfer the case to the state court in Charles County under the doctrine of forum non-conveniens.

While the Court is sympathetic to the age and mobility restrictions of the wheel-chair bound defendant, the law does not support her claim. In Gulf Oil Corp. v. Gilbert, the Supreme Court

outlined the factors that courts should consider under Rule 12(b)(3) of the Federal Rules of Civil Procedure. While the "private interest of the litigant" is clearly relevant to the analysis, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 67 S.Ct. 839, 843 (1947). The intent of the forum non-conveniens doctrine, as announced by the Supreme Court, is to discourage plaintiff's from using the choice of forum as a harassment strategy. Id. at 842. It can hardly be stated that the plaintiff here is harassing the defendant by choosing to litigate its claim in federal court in Prince George's County -- the county adjacent to Charles County. Further, this case involves a question of federal law that arises under the Natural Gas Act and the actions taken by the Federal Energy Regulator Commission and addresses the distribution of natural resources to multiple states. Lastly, the plaintiff has indicated in its opposition that "to the extent Defendant is unable to travel, Dominion will accommodate Defendant in every reasonable way." Plaintiff's Opposition at 3. Thus the Defendant's Motion to Dismiss under Rule 12(b)(3) should be denied.

2. Insufficiency of Service

Defendant's second argument is that the service was improper because the plaintiff served her daughter-in-law, "who is not authorized to accept service" for the defendant.[1] Under Rule 4(e)(2) of the Federal Rules of Civil Procedure, service may be effected by "...leaving copies therefore at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein..." Defendants appear to have satisfied this standard by serving

---

[1] Although the defendant implies that the service was effectuated at the incorrect address by stating that her daughter-in-law was served at the home in which her son and daughter-in-law reside, the defendant does not state that she does not own the property where her daughter-in-law was served. It appears that the Defendant lives next door or in other close proximity to her son and daughter-in-law. Further, no reply was filed by the defendant challenging this fact.

the Defendant's daughter-in-law at a dwelling that is owned by the Defendant. Defendant has not contested ownership of the property at which her daughter-in-law was served. Accordingly, the Defendant's Motion to Dismiss under Rule 12(b)(5) should be denied.

     A separate order follows.


  1/3/07                                      /s/
DATE                              ROGER W. TITUS
                                  UNITED STATES DISTRICT JUDGE